94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Jose LOPEZ, Defendant-Appellant.
 No. 95-2329.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1996.
Decided Aug. 14, 1996.
 
 Before POSNER, Chief Judge, and COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Pedro Jose Lopez pleaded guilty to possessing marijuana with intent to distribute it, and aiding and abetting the same offense. The district court sentenced him to 57 months in jail. Lopez now appeals his sentence, arguing that the sentencing court should have found that he was only a minor participant in the drug deal, and should not have held him accountable for all the drugs seized during the transaction in which he participated. We affirm.
 
 
 2
 DEA agents became suspicious of two trucks with visibly altered gas tanks which, they later learned, contained secret compartments filled with marijuana. The drivers cooperated with the DEA, and told them they were delivering the trucks from San Antonio to a garage in Hammond, which defendant Lopez rented for his truck-repair business. They indicated this was the third time they had delivered marijuana in this manner. After the drivers delivered the trucks, the government executed a search warrant on the garage. They found that one of the gas tanks had been removed from the truck. Lopez, the drivers, and the drug-dealer who apparently masterminded the scheme were standing near the tank. Lopez admitted that he agreed to take $2000 for letting the drug-dealer use his garage, and helping remove the tanks. He conceded that he knew the tanks contained marijuana. Agents confiscated over 400 kilograms of marijuana from the two tanks.
 
 
 3
 After a magistrate judge denied a motion to suppress the evidence, Lopez pleaded guilty to possessing over 100 kilograms of marijuana with intent to distribute it, under 21 U.S.C. § 841(a)(1), and aiding and abetting the same offense. 18 U.S.C. § 2. The government agreed Lopez should receive the minimum sentence under the applicable Guidelines range. The plea agreement did not stipulate the exact quantity of drugs involved.
 
 
 4
 The Presentence Investigation Report indicated that the government seized over 400 kilograms of marijuana at Lopez' garage. On that basis, the district court calculated Lopez' base offense level at 28, reduced three points for acceptance of responsibility. Lopez fell into criminal history Category I, yielding a sentencing range of 57-71 months. At sentencing, Lopez argued that he should be considered a minor participant in the offense, which would reduce his base offense level by two more points. The district court refused to do so, but granted a departure below the statutory five-year mandatory minimum, and sentenced Lopez to 57 months in jail.
 
 
 5
 Lopez first argues that he was only a minor participant in the crime, and thus entitled to a two-level reduction in his base offense level. U.S.S.G. § 3B1.2(b). The Guidelines define "minor participant" in general terms as someone "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3. We review the sentencing court's factual determination of a defendant's role in the offense for clear error. United States v. Soto, 48 F.3d 1415, 1420 (7th Cir.1995). No such error is apparent in the case at bar.
 
 
 6
 The gravamen of Lopez' argument is that the dealer was most culpable, he was considerably less culpable than the dealer, and therefore should be considered a minor participant. The premise does not mandate the conclusion Lopez reaches. Certainly comparative roles are important in calculating sentences. United States v. Corrall-Ibarra, 25 F.3d 430, 439 (7th Cir.1994). Nonetheless, "play[ing] a much lesser role than another does not mean that one is a minor participant." Soto, 48 F.3d at 1423.; United States v. Burnett, 66 F.3d 137, 140 (7th Cir.1995) ("Henchmen and factotums ... do not receive automatic reductions").
 
 
 7
 In the case at bar, Lopez knowingly and for profit let a drug dealer use his garage to facilitate a major drug deal. Credible evidence indicated he did so on a regular basis, making his garage a vital waystation in the drug distribution network. Moreover, Lopez did not turn a blind eye to the drug-dealing: he actively participated by helping detach the gas tanks so the concealed marijuana could be removed. A person who is not the driving force behind a crime, but nonetheless plays an integral role, is not entitled to have his offense level reduced under § 3B1.2(a). United States v. Nobles, 69 F.3d 172, 190 (7th Cir.1995). Given these facts, we cannot say that the district court clearly erred in finding that Lopez was not a minor participant in the drug deal.
 
 
 8
 Lopez next maintains that the sentencing court should not have held him accountable for all the confiscated marijuana, because he could not reasonably foresee that the gas tanks would contain such a large quantity of drugs. Because Lopez did not challenge the amount of drugs before the sentencing court, we review this issue for plain error. Fed.R.Crim.P. 52(b); United States v. Edwards, 77 F.3d 968, 977 (7th Cir.1996). "A plain error is one that is particularly egregious and seriously affects the fairness, integrity, or public reputation of judicial proceedings." Soto, 48 F.3d at 1422 (internal quotations omitted).
 
 
 9
 Lopez ignores the fact that he did not plead guilty to conspiring or attempting to possess drugs, but to actual possession, and aiding and abetting actual possession. Reasonable foreseeability is irrelevant when the defendant directly participates in, aids or abets the relevant transaction. United States v. Velasquez, 67 F.3d 650, 654 (7th Cir.1995); U.S.S.G. § 1B1.3, Application Note 2 ("The requirement of reasonable foreseeability ... does not apply to conduct that the defendant personally undertakes, aids, abets, ... or willfully causes[.]"). Because Lopez wilfully facilitated the drug deal, all the drugs actually involved are attributable to him. U.S.S.G. § 1B1.3(a)(1)(A). That he underestimated the size of the deal he was facilitating is not relevant for sentencing purposes. Corral-Ibarra, 25 F.3d at 437-38.
 
 
 10
 It is true that Lopez was but a single link in a larger criminal enterprise. The Sentencing Guidelines, as Lopez correctly notes, indicate that "all reasonably foreseeable acts ... of others in furtherance of the jointly undertaken criminal activity" shall be deemed relevant conduct for the purposes of sentencing. U.S.S.G. § 1B1.3(a)(1)(B). Because he was involved in just such a "jointly undertaken criminal activity," Lopez argues, the "reasonably foreseeable" requirement must apply to him.
 
 
 11
 That argument is simply wrong. The Application Notes make clear that in drug offenses, "the defendant is accountable for all quantities of contraband with which he was directly involved[.]" U.S.S.G. § 1B1.3, Application Note 2 & Illustration (a)(1). Lopez does not deny that he agreed to dismantle and help unload the altered gas tanks. Neither does he dispute that the government seized more than 400 kilograms of marijuana from the tanks. Therefore, he cannot lessen his responsibility by claiming that he underestimated the size of the drug deal.
 
 
 12
 Finally, Lopez contends that counsel at sentencing was ineffective for not challenging the quantity of drugs attributed to him. We need not reach this argument. Because the sentencing court committed no error in finding Lopez responsible for all the confiscated marijuana, he cannot show that counsel's performance prejudiced him at sentencing. United States v. Gregory, 74 F.3d 819, 822 (7th Cir.1996).
 
 
 13
 AFFIRMED.