**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERIC STUART HARFST,

    Defendant-Appellant.

No. 97-2283

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-97-314-LH)

---

Submitted on the Briefs:[*]

John J. Kelly, United States Attorney, and Thomas L. English, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Patrick J. Perrone of McCarter & English, LLP, Newark, New Jersey, for Defendant-Appellant.

---

Before **PORFILIO, HOLLOWAY,** and **HENRY**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**HOLLOWAY,** Circuit Judge.

———————————————————

Defendant Eric Stuart Harfst appeals from the district court's denial of his motion challenging his sentence pursuant to 28 U.S.C. § 2255. We conclude that because defendant may have a valid claim of ineffective assistance of trial counsel arising from counsel's failure to properly present the claim that defendant was only a minor or minimal participant in the offense of which he was convicted, the case must be remanded for an evidentiary hearing on this issue.

**I**

Defendant entered a conditional guilty plea to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), reserving the right to appeal the denial of his motion to suppress. The district court sentenced him to 96 months' imprisonment and ordered that he be subject to five years of supervised release to commence on his release from confinement. On direct appeal defendant challenged the denial of the motion to suppress, but did not challenge his sentence. This court affirmed the conviction and the denial of defendant's suppression motion. See United States v. Harfst, 81 F.3d 173 (table), No. 95-2164, 1996 WL 131501 (10th Cir., March 25, 1996).

Defendant subsequently filed the instant motion challenging his sentence pursuant to 28 U.S.C. § 2255. In his motion, defendant contended that he was not a "single participant in a single occurrence crime," as his presentence report stated, but was only a one-time

courier in a drug distribution scheme and, therefore, was a minor or minimal participant in the offense entitled to have his offense level decreased pursuant to U.S.S.G. § 3B1.2. He also contended that he did not understand his right of allocution and therefore did not explain to the district court his minimal role in the offense. In response the government argued, among other things, that defendant had procedurally defaulted his claims because he had not shown cause for failing to raise them on direct appeal.

The district court referred the case to a magistrate judge who recommended that defendant's § 2255 motion be denied. The magistrate judge agreed with the government that defendant had not shown adequate cause to excuse his procedural default. The magistrate judge also concluded that defendant could not show prejudice because, as a courier, defendant was not necessarily a minimal or minor participant entitled to a sentence adjustment. Finally, the magistrate judge concluded that defendant had not shown he was denied his right of allocution.

In his objections to the magistrate judge's findings and recommendation, defendant for the first time argued that "counsel's failure to raise the[se] issue[s] before the district court or on direct appeal constitutes ineffective assistance of counsel." R. Doc. 9 at 4. [1] Adopting the findings and recommended disposition of the magistrate judge, the district court denied defendant's § 2255 motion without addressing his argument that his procedural

---

[1]  Defendant stated that he did not receive a copy of the government's response brief until after the magistrate judge had issued his recommendation and therefore he was unable to file a reply to the government's brief.

-3-

default should be excused on the basis of counsel's ineffectiveness. Defendant timely filed a notice of appeal. Defendant thereafter filed an application for a certificate of appealability, as required by 28 U.S.C. § 2253(c), along with his opening brief. We granted defendant a certificate of appealability on "the constitutional issue of whether his trial counsel was ineffective for failing to seek a reduction in his sentence under U.S.S.G. § 3B1.2 on the basis of his alleged minor or minimal participation in the offense." May 5, 1998 Order at 1.

## II

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As explained in his supporting memorandum, defendant's § 2255 motion presented two issues: (1) whether defendant was entitled to a downward departure as a minor or minimal participant in the crime, and (2) whether defendant failed to understand his right of allocution. See R. Doc. 2 at 5, 10. Neither the motion nor the supporting memorandum mentioned any ineffectiveness, or any assistance or lack of assistance at all, on the part of counsel. At least facially, the two issues raised are both nonconstitutional sentencing issues that, while proper bases for defendant to proceed in the district court, by themselves would not support issuance of a certificate of appealability because they do not assert the denial of a constitutional right. See, e.g., Young v. United States, 124 F.3d 794, 799 (7th Cir. 1997) (noting that not every misapplication of law implicates a constitutional error and stating that "[i]f the district court denies a petition based on a statutory issue, § 2253(c)(2) precludes an

-4-

appeal."), cert. denied, 118 S. Ct. 2324 (1998).

Defendant did not raise the constitutional issue of ineffective assistance of counsel until his objections to the magistrate judge's recommendation. In those objections, defendant contended that "counsel's failure to raise the [sentencing] issue[s] before the District Court or on direct appeal constitutes ineffective assistance of counsel. It is well settled that ineffective assistance of counsel constitutes 'cause' and excuses a procedural default." R. Doc. 9 at 4 (citation omitted). Because the district court's analysis of an ineffective counsel claim is similar whether presented as cause or a separate claim, we will consider defendant to have sufficiently raised this issue and we will proceed to the merits of defendant's claim.

### III

While traveling by train from Los Angeles to Chicago, a DEA agent identified defendant as a possible drug courier. After talking to defendant and searching his bags, the agent found a plastic-wrapped package that he believed contained either crack cocaine or methamphetamine, and he arrested defendant. The package contained 1.124 net kilograms of methamphetamine. Defendant was the only individual charged and convicted, after a guilty plea, in connection with the possession and distribution of this methamphetamine.

In addressing a possible sentence adjustment for his role in the offense, defendant's presentence report stated that "defendant was a single participant in a single occurrence crime. Therefore, no role adjustment is warranted." Application for Certificate of

Appealability, Ex. A at 5. After recommending credit for acceptance of responsibility and cooperation with authorities, the presentence report determined defendant's offense level to be twenty-nine and his criminal history category to be II.

The district judge accepted the presentence report recommendations but he concluded a criminal history category of II significantly over represented defendant's criminal past because it was based on two misdemeanor convictions, one of which was ten years old. The court determined that a history category of I was more appropriate which, when combined with an offense level of twenty-nine, resulted in a guideline range of 87 to 108 months' imprisonment. The court also found that defendant met the criteria of 18 U.S.C. § 3553(f), allowing for a sentence below the statutory minimum of 120 months. Accordingly, the district court sentenced defendant to 94 months' imprisonment.

**IV**

**A**

Defendant contends that he was a one-time drug courier with no understanding of the nature or scope of the criminal enterprise, that he did not have any ownership interest in the methamphetamine, and that he was less culpable than those who owned the methamphetamine and controlled its distribution. He claims that his counsel was constitutionally ineffective for failing to present this information to the district court, specifically by (1) failing to object to the statement in the presentence report that he was a single participant in a single occurrence crime; (2) failing to move for a reduction in his base

offense level under § 3B1.2 on the basis he was a minor or minimal participant; and (3) failing to advise him that he could be eligible for a sentence reduction, in which case he would have fully informed the district court through his right of allocution of his limited participation in the crime.

These closely related claims all revolve around the possible adjustment in offense level under U.S.S.G. § 3B1.2 based on a defendant's role in a crime. If a defendant was a "minimal participant" in the criminal activity, the offense level is reduced by four; if the defendant was a "minor participant," the level is reduced by two. § 3B1.2(a), (b). Application Note 1 explains that a minimal participant is "plainly among the least culpable of those involved in the conduct of a group. Under this provision, a defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." On the other hand, "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." Application Note 3.

Whether a defendant is a minimal or minor participant is a factual question for the district court. See United States v. Sukiz-Grado, 22 F.3d 1006, 1009 (10th Cir. 1994). The defendant has the burden of proving entitlement to a § 3B1.2 adjustment by a preponderance of the evidence. See United States v. Gault, 141 F.3d 1399, 1405 (10th Cir.), cert. denied, 119 S. Ct. 253 (1998). In this case, if the district court had awarded defendant a four-point adjustment for being a minimal participant, his sentencing range would have been reduced

to 57 to 71 months.  If the district court had awarded defendant a two-point adjustment for being a minor participant, his sentencing range would have been reduced to 70 to 87 months.

To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under the first prong of this test, a defendant must establish "that counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth  Amendment." Id.  Under this  standard, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the court must avoid the "distorting effects of hindsight." Id. at 689.  Under the second prong of the Strickland test, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**B**

In denying defendant's § 2255 motion, the district court did not address defendant's claim of ineffective assistance of counsel, but did "note[] that Harfst's counsel unsuccessfully made the argument [for a § 3B1.2 reduction] during sentencing." R. Doc. 6 at 3.  We agree with the government that an actual presentation by counsel of defendant's argument for an adjustment, although unsuccessful, would likely negate any claim of ineffective assistance of counsel.  However we do not agree that counsel actually made such an argument.  Counsel did not object to the presentence report or specifically request an

-8-

adjustment based on § 3B1.2. When the district judge asked counsel at sentencing whether defendant had any objections to the presentence report, counsel replied: "No, sir. The only thing that I would ask the Court to consider is whether or not he's a minor or minimal participant based on the information the Court has available to it . . . ." R. Doc. 2, Ex. C at 3. The district court never commented on counsel's belated request and proceeded to sentence defendant without any apparent consideration of his role in the crime.

"Describing [Defendant's] role as minimal or minor is insufficient to raise the section 3B1.2 issue; counsel cannot properly invoke a particular Guideline provision '"merely by reciting to the court a list of mitigating facts."'" United States v. Soto, 132 F.3d 56, 58 (D.C. Cir. 1997) (quoting United States v. Foster, 988 F.2d 206, 210 (D.C. Cir. 1993) (quoting United States v. Sergio, 934 F.2d 875, 881 (7th Cir. 1991))). "This is particularly true where, as here, the guideline requires the district court to make empirical judgments and where factual subtleties can make a real difference." Soto, 132 F.3d at 58. Moreover, here the district judge apparently did not view counsel's statement as a request for a § 3B1.2 adjustment since he did not comment on this request or make the required factual finding regarding whether defendant was entitled to the adjustment, and instead sentenced defendant without any apparent consideration of his role in the offense. Thus we reject the government's argument that defendant's ineffective counsel claim fails because counsel raised the issue at sentencing.

The district court also concluded that defendant could not show prejudice sufficient

to excuse the failure to present his sentencing claims on direct appeal.[2] The magistrate judge's report, which the district court adopted, stated:

> There is no *per se* rule in this circuit that couriers are minor or minimal participants. United States v. Ballard, 16 F.3d 1110 (10th Cir. 1994). In the instant action, there was no evidence before the Court as to the relative roles of any other participant in this drug scheme. Rather, the only evidence is Harfst's self-serving allegation that he was a small cog in an elaborate multiparty scheme to distribute drugs. Moreover, Harfst was charged and sentenced for the amount of drugs he personally carried. "When a courier is held accountable for only the amount [of drugs] he carried, he plays a significant rather than a minor role in that offense." United States v. Burnett, 66 F.3d 137, 140 (7th Cir. 1995). Thus, the Court did not err by accepting the Presentence Report's finding.

R. Vol. I, Doc. 6 at 3.

While we agree with the district court that defendant has not shown that he must necessarily be found to be a minimal or minor participant, we disagree with the district judge's analysis to the extent that it implies that defendant could not prove that he was a minimal or minor participant. We have held that a courier is not necessarily a minor or minimal participant, not that a courier is ineligible for a § 3B1.2 adjustment. See, e.g., Ballard, 16 F.3d at 1115; United States v. Caruth, 930 F.2d 811, 816 (10th Cir. 1991) ("If the district court had determined that [the defendant courier] was entitled to minimal participant status, we would not have been able to reverse that finding as clearly erroneous."). We also

_____

[2]     Again, the district court was not addressing the ineffective counsel claim, but rather the prejudice defendant needed to show to excuse his procedural default. However, the required prejudice showings are the same. See Medina v. Barnes, 71 F.3d 363, 371 (10th Cir. 1995).

disagree with the district court that there was no evidence of the relative roles of any other participants in the criminal activity, which is required for consideration of a § 3B1.2 adjustment, see, e.g., Gault, 141 F.3d at 1404, other than defendant's self-serving allegations. In addition to his affidavit explaining his role, defendant submitted a statement regarding his role, as required by 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2, for him to qualify for sentencing below the mandatory minimum. This statement reads as follows:

> Jeff King of Tujunga, California approached me in a bar in Tujunga and asked me if I would take a package by train from Los Angeles to Chicago. He told me that I would be paid $3600.00 plus the cost of the train ticket. I agreed. Jeff had someone drop the package off to me at the Eagle Rock Comfort Inn. I was living at the Eagle Rock Comfort Inn at the time. I did not know the name of the person who dropped it off. I had never seen that person before. Jeff told me I was to take the package to Chicago and someone would meet me at the train station. Whoever was to meet me at the train station had a description of me, knew my name, and knew what time I was to arrive. I was told to turn over the package to that person.

Appellant's Br. Ex. E. Partially on the basis of this statement, the district court imposed a sentence below the statutory minimum pursuant to 18 U.S.C. § 3553(f). The court therefore must have found that "the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense." § 3553(f)(5). Thus, there was evidence "of other participants and their role in the criminal activity." See Gault, 141 F.3d at 1404.

Additionally the district court's reliance on the Seventh Circuit's decision in Burnett is misplaced because Burnett conflicts with the law of this circuit. We have held that "a sentencing court may consider the underlying scheme, as opposed to merely the offense of

-11-

conviction, in determining role in the offense adjustments" under Chapter 3, Part B of the sentencing guidelines. United States v. Saucedo, 950 F.2d 1508, 1513 (10th Cir. 1991) (citing United States v. Caballero, 936 F.2d 1292, 1298-99 (D.C. Cir. 1991)), overruled in part on other grounds, Stinson v. United States, 508 U.S. 36 (1993). Caballero held, in contrast to the holding in Burnett, that a courier charged with possession with intent to distribute could be eligible for a § 3B1.2 adjustment by looking at "'the contours of the underlying scheme itself rather than the mere elements of the offense charged.'" 936 F.2d at 1298 (quoting United States v. Rodriguez, 925 F.2d 107, 111 (5th Cir. 1991) (further quotation omitted)). The Ninth Circuit has held:

> [B]y mandating a fact-based inquiry into the relative seriousness of the defendant's offense of conviction compared to his actual criminal conduct, the [introductory] commentary [to Chapter 3, Part B] expressly allows for a downward adjustment for a courier convicted of possession with intent to distribute, provided his role and culpability in the trafficking scheme are sufficiently minor compared to that of the other participants.

United States v. Demers, 13 F.3d 1381, 1385 (9th Cir. 1994); see also United States v. Isaza-Zapata, 148 F.3d 236, 239 (3d Cir. 1998); United States v. Snoddy, 139 F.3d 1224, 1231-32 (8th Cir. 1998).

Defendant has sufficiently alleged, and the record albeit incomplete supports at this stage his contention, that he could have been eligible for a § 3B1.2 adjustment and that his counsel did not properly present this issue to the district court at sentencing. Viewing this in terms of the two-prong test for ineffective assistance of counsel, we conclude that defense counsel's performance may have been deficient because counsel failed to request the

adjustment at sentencing. Thus, further proceedings in the district court are necessary. See Soto, 132 F.3d at 59 (finding deficient performance where counsel failed to raise "potentially helpful" § 3B1.2 argument); United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991) (same); United States v. Stevens, 851 F.2d 140, 145 (6th Cir. 1988) (failure to challenge inaccuracies in presentence report could constitute deficient performance); United States v. Rone, 743 F.2d 1169, 1173 n.2 (7th Cir. 1984) (same).

While there would appear to be little justifiable reason for failing to seek the adjustment, we cannot say as a matter of law on this record that counsel's performance was constitutionally deficient for this reason. This is primarily a factual matter proper for the district court's determination.

## C

With respect to the second prong of the Strickland test, two circuits have held in similar circumstances -- that is, the sentencing of drug couriers who are part of allegedly large operations -- that the failure to request § 3B1.2 adjustments was prejudicial. See Soto, 132 F.3d at 59; Headley, 923 F.2d at 1084; cf. United States v. Castro, 26 F.3d 557, 560 (5th Cir. 1994) ("A deprivation of an opportunity to have a sentencing court exercise its discretion in a defendant's favor can constitute ineffective assistance of counsel."); United States v. Golden, 854 F.2d 31, 32 (3d Cir. 1988) (same). In neither Soto nor Headley could the court of appeals say that the defendant was necessarily entitled to the adjustment; this factual determination was left to the district court on remand. See Soto, 132 F.3d at 59;

Headley, 923 F.2d at 1084. Additionally, although both courts found counsel's assistance to be ineffective, they remanded the matters to the district courts without vacating the defendants' sentences, leaving that matter to the district courts' determination of the defendant's entitlement to the adjustment. See Soto, 132 F.3d at 60; Headley, 923 F.2d at 1084-85.

We agree in general with the analyses in Soto and Headley, and conclude that defendant may be able to prove prejudice. We say "may" because under the law of this circuit, the prejudice analysis in such situations focuses not solely on the failure to make the argument for a reduction to the district court, but on the ultimate success of the argument. See United States v. Glover, 97 F.3d 1345, 1350 (10th Cir. 1996); United States v. Kissick, 69 F.3d 1048, 1056-57 (10th Cir. 1995); see also Banks v. Reynolds, 54 F.3d 1508, 1516 (10th Cir. 1995) (noting "apparent circularity" of requirement that court assess merits of claim to determine whether counsel's performance prejudiced defendant). In other words, whether defendant was prejudiced by counsel's failure to request a § 3B1.2 adjustment depends on whether the district court would have granted the request, a matter only the district court can decide. And, as previously noted, the controlling question of the defendant's level of criminal participation is a factual matter, see Sukiz-Grado, 22 F.3d at 1009, which, in the absence of a legally conclusive record, must be made in the first instance by the district court.

Thus defendant may have a valid claim for ineffective assistance of counsel at

sentencing and is entitled to an evidentiary hearing. <u>See</u> § 2255 (district court must hold hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). We therefore remand the case to the district court for an evidentiary hearing on defendant's claim. As part of its prejudice analysis, the district court should consider whether it would have granted a request for a § 3B1.2 adjustment. If so, and assuming the court finds counsel's performance deficient,[3] then defendant would have shown he received constitutionally ineffective assistance of counsel, and the district court will have to vacate his sentence and resentence him.

V

Accordingly, we remand the cause with directions that the district judge conduct an evidentiary hearing on defendant's claim of ineffectiveness of counsel and for further proceedings as specified in this opinion.

---

[3]    Of course, if the district court finds that counsel's performance was not deficient, it may not need to address the prejudice issue.