**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RALPH TIM BOLT, JR.,

       Petitioner-Appellant,

v.

DAYTON J. POPPELL, Warden,
Lawton Correctional Facility,

       Respondent-Appellee.

No. 01-5065
(D.C. No. 99-CV-220-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner-appellant Ralph Tim Bolt, Jr., proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for writ of habeas corpus under 28 U.S.C. § 2254. We deny his request for a COA and dismiss the appeal.

I.

During the evening of May 11, 1995, or the early morning of May 12, 1995, after drinking several pitchers of beer at a local bar, Mr. Bolt broke into his ex-wife's apartment and, after finding her and her boyfriend naked in her bedroom, assaulted her with a knife, cutting her on the back, buttocks, and neck. Mr. Bolt was arrested and taken into police custody later in the morning on May 12, and he confessed to the assault in two separate taped interviews. [1] Mr. Bolt was subsequently charged in the District Court of Osage County, State of Oklahoma, with one count of first degree burglary and one count of assault with intent to kill. Following a bench trial, Mr. Bolt was convicted of both offenses, and he was sentenced to fourteen years' imprisonment on each conviction with the sentences to run consecutively. During the trial and at sentencing, Mr. Bolt did not dispute that he forcefully entered the apartment and assaulted his ex-wife, but instead relied exclusively on a defense of temporary insanity and other claimed mitigating factors.

---

[1] After committing the assault, Mr. Bolt fled to his parents' home and took an overdose of pills. He then called the police and informed them of his location. After locating Mr. Bolt, the police transported him to a local hospital where his stomach was pumped. Mr. Bolt was then arrested and taken into police custody.

Mr. Bolt filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), arguing that: (1) his convictions violated the constitutional guaranty against double jeopardy; (2) the trial court found him competent to stand trial using an unconstitutional clear and convincing evidence standard; (3) the ineffectiveness of his trial counsel deprived him of the opportunity to effectively present an insanity defense; and (4) the sentences imposed were excessive. The OCCA rejected Mr. Bolt's claims and it affirmed his convictions and sentences. Mr. Bolt then applied for post-conviction relief. The state district court denied the application, and the OCCA affirmed.

Mr. Bolt then filed a habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. In support of his petition, Mr. Bolt claimed that: (1) he received ineffective assistance of trial and appellate counsel; (2) his due process rights were violated by the admission into evidence of involuntary confessions; (3) he was temporarily insane at the time he committed the assault and incompetent at the time of trial, and the trial court erroneously required him to prove his incompetency by clear and convincing evidence; (4) the prosecution suppressed exculpatory evidence; (5) his due process rights were violated by the hurried manner in which the state district court disposed of his post-conviction application; and (6) his convictions violated the constitutional guaranty against double jeopardy. After finding that claims No. 1,

3, 5, and 6 failed on the merits and that Mr. Bolt procedurally defaulted on claims No. 2 and 4, the magistrate judge recommended to the district court that Mr. Bolt's petition be denied. The district court adopted the magistrate judge's recommendation and it dismissed Mr. Bolt's petition.

II.

Although we are required to construe Mr. Bolt's pro se allegations liberally, his arguments on appeal can be collapsed into four basic claims. First, Mr. Bolt claims he was temporarily insane at the time he committed the burglary and assault. Second, Mr. Bolt claims he was incompetent to stand trial. Third, Mr. Bolt claims his trial counsel was ineffective because counsel failed to introduce sufficient evidence to support his alleged temporary insanity and incompetency. Fourth, Mr. Bolt claims he was convicted based on involuntary confessions. [2]

As a threshold matter, Mr. Bolt must demonstrate that he is entitled to a certificate of appealability (COA). In order to receive a COA, Mr. Bolt must

---

[2] Mr. Bolt also claims on appeal that the prosecution suppressed favorable evidence concerning his incompetency and mental instability and that the trial court failed to consider all of the pertinent evidence and circumstances concerning his mental state. Our review of the record reveals that these claims are without merit. In addition, because Mr. Bolt has failed to pursue his double jeopardy, erroneous burden of proof for incompetency, and "hurried" post-conviction proceeding claims on appeal, we will not consider those claims.

-4-

make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A. Temporary Insanity and Ineffective Assistance of Counsel

"To assert an insanity defense, Oklahoma . . . requir[es] the defendant to show that at the time of the crime he suffered from a mental disease or defect rendering him unable to differentiate between right and wrong, or unable to understand the nature and consequences of his actions." *Bryan v. Gibson*, No. 00-6090, 2001 WL 1656579, at *11 (10th Cir. Dec. 27, 2001) (quotation omitted).

At trial, Mr. Bolt argued that he was temporarily insane at the time he assaulted his ex-wife because of a number of factors, including the fact that she and her boyfriend had taunted him about their relationship; the fact that he became enraged and lost control when he arrived at her apartment and heard sounds indicating that she and her boyfriend were having sex; the fact that he believed her boyfriend was a convicted sex offender and thus feared for the safety of his daughter; the fact that he was under a tremendous amount of stress, was depressed, and was emotionally unstable; and the fact that he was under the influence of alcohol and had several long-term medical problems. The state district court rejected Mr. Bolt's temporary insanity defense, finding that his evidence and arguments were insufficient to raise a reasonable doubt under

Oklahoma law as to whether he was able to differentiate between right and wrong or understand the nature of his acts. The court's conclusion is amply supported by the record, and Mr. Bolt has failed to make a substantial showing of the denial of a constitutional right with respect to his temporary insanity defense.

Mr. Bolt also argues, however, that his trial counsel was ineffective in failing to further investigate and put forth additional evidence regarding his temporary insanity defense. "To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)). Under the performance prong of the *Strickland* test, "the proper standard for attorney performance is that of reasonably effective assistance," *Strickland*, 466 U.S. at 687, and our "scrutiny of counsel's performance must be highly deferential" and avoid "the distorting effects of hindsight." *Id.* at 689. Under the prejudice prong of the *Strickland* test, "a defendant must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694).

The OCCA addressed Mr. Bolt's ineffective assistance claim on direct appeal and it found that "[t]he inability of defense counsel to present a successful 'temporary insanity' defense [was] a reflection of the available facts, not counsel's deficient performance." *See* R., No. 10, Ex. B at 3. We agree. The only medical evidence Mr. Bolt points to in support of his temporary insanity defense are medical records of Dr. Stuart B. Simon, a psychiatrist who treated Mr. Bolt from the end of 1995 through July, 1996, and the testimony that Mr. Bolt alleges Dr. Simon could have provided based on his records if he had been properly interviewed and prepared for trial by Mr. Bolt's trial counsel. [3] However, Dr. Simon did not even begin seeing Mr. Bolt until at least six months after the burglary and assault occurred, and while his records indicate that Mr. Bolt was suffering from certain emotional, behavioral, and personality disorders, Mr. Bolt has made no showing that Dr. Simon's records or testimony would have established that he was unable to differentiate between right and wrong or understand the nature and consequences of his actions at the time of the assault.

---

[3] Dr. Simon testified at trial in response to a subpoena served on him by Mr. Bolt's trial counsel. However, Dr. Simon did not bring the records pertaining to his treatment of Mr. Bolt with him, and he declined to give an opinion on the insanity issue because he claimed he was not testifying as an expert witness. Mr. Bolt asserts that Dr. Simon was somehow prohibited from bringing his records and testifying as an expert witness, either by the trial court or as a result of his trial counsel's ineffective assistance, but the record does not support this assertion.

-7-

Further, Mr. Bolt has made no showing that there was any other significant medical evidence that his trial counsel could have relied upon in order to bolster his insanity defense. In fact, Dr. Steven Chamberlain, a psychotherapist who treated Mr. Bolt from November, 1994 to May, 1995, testified at trial that he never witnessed anything that indicated to him that Mr. Bolt did not know the difference between right and wrong. Thus, with respect to his defense of temporary insanity, Mr. Bolt has failed to make a substantial showing that his trial counsel's performance was deficient or that he was prejudiced by counsel's performance.

B. Incompetency and Ineffective Assistance of Counsel

Prior to trial and pursuant to an order of the state district court, Mr. Bolt was examined by a mental health professional licensed by the State of Oklahoma to determine his competency to stand trial. The competency examiner issued a written report in which he concluded that Mr. Bolt was able to appreciate the nature of the charges against him, that Mr. Bolt was able to consult with his attorney to rationally assist in the preparation of his defense, and that Mr. Bolt was not a mentally ill person or person requiring treatment. Based on this report, the court found that Mr. Bolt was competent to stand trial, and Mr. Bolt's trial counsel did not object to this finding.

"[T]he standard for competence to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Miles v. Dorsey*, 61 F.3d 1459, 1472 (10th Cir. 1995) (quotations omitted). Further, "[t]he presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense." *Id.* (quotation omitted). Thus, in *Miles*, we held that a habeas petitioner's history of mental problems, low intelligence, psychotropic medication, and substance abuse did not establish that he was incompetent to enter a guilty plea. *Id.* at 1474.

The record shows that Mr. Bolt was taking anti-depressant, behavior control, anti-hypertensive, and allergy medications at the time of trial. Mr. Bolt claims he was rendered incompetent as a result of the combined effects of these medications, and he claims his trial counsel was ineffective in failing to object to the trial court's competency determination and in failing to investigate and put forth evidence of his incompetency. [4] However, except for his own subjective and

---

[4] On direct appeal, Mr. Bolt's appellate counsel did not challenge the effectiveness of trial counsel in failing to object to the trial court's competency determination. However, because this aspect of Mr. Bolt's ineffective assistance claim involves facts outside of the trial court record ( *i.e.*, what were the effects of the medication he was taking at the time of trial), the claim could not have been resolved based on the trial court record alone. As a result, even though Mr. Bolt

(continued...)

conclusory allegations, Mr. Bolt has not put forth a single persuasive argument, much less any evidence, explaining why the state court competency evaluation and determination were constitutionally deficient. Further, in order to satisfy the prejudice prong of the *Strickland* test, Mr. Bolt is required to "demonstrate a reasonable probability that he was incompetent, sufficient to undermine confidence in the outcome," *see Williamson v. Ward*, 110 F.3d 1508, 1519 (10th Cir. 1997) (quotations omitted), and he has failed to carry this burden. [5] Instead, the record shows that Mr. Bolt participated in the trial with a rational understanding of the nature of the proceedings and the crimes for which he was charged, which participation included testifying on his own behalf, and that he was able to rationally communicate both with his counsel and the trial court. Consequently, Mr. Bolt has failed to make a substantial showing that he was incompetent or that his trial counsel was ineffective with respect to the competency issue. [6]

---

[4](...continued)
had separate appellate counsel, the claim is not procedurally barred under Oklahoma law. *See English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998).

[5] Likewise, while Mr. Bolt is also claiming that he was incompetent at the time of his direct and post-conviction appeals, he has failed to put forth any substantive evidence to support this claim.

[6] To the extent Mr. Bolt is also claiming that his appellate counsel was ineffective in failing to challenge the competency determination, that claim fails for the same reasons.

C. Involuntary Confessions

Mr. Bolt claims his confessions were involuntary because he was under the influence of alcohol and drugs at the time he gave his statements to the police. The magistrate judge held that Mr. Bolt procedurally defaulted on this claim under Oklahoma law by failing to assert it on direct appeal. We agree. We also hold that Mr. Bolt has failed to demonstrate any cause, prejudice, or a fundamental miscarriage of justice to excuse his default. [7]

Accordingly, Mr. Bolt has failed to make a substantial showing of the denial of a constitutional right. We therefore DENY his application for a certificate of appealability and DISMISS this appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[7] Most importantly, as the magistrate judge found, Mr. Bolt is precluded from asserting a claim of ineffective assistance of trial counsel because: (1) his trial counsel did in fact object to the admission of the confessions; and (2) there was no prejudice or miscarriage of justice as a result of their admission given the overwhelming and undisputed evidence of Mr. Bolt's guilt.