**F I L E D**

**UNITED STATES COURT OF APPEALS**

**OCT 14 2003**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

　　v.

MACARIO GALVEZ-ROJAS,

　　　Defendant - Appellant.

No. 03-2018
(D. Ct. No. CR-02-1360 JC)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **MCKAY** and **MCCONNELL**, Circuit Judges.

　　　After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　Defendant-Appellant Macario Galvez-Rojas, on direct appeal, moves to vacate his sentence due to ineffective assistance of counsel. We exercise

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291. Because we find that this claim should be brought on collateral review, we DENY this motion.

On August 22, 2002, Mr. Galvez pleaded guilty to one count of violating 8 U.S.C. § 1326(b), illegal reentry into the United States after removal subsequent to a felony conviction. On December 5, 2002, the district court convened a sentencing hearing for Mr. Galvez at which the district court requested that Mr. Galvez's counsel provide any authority permitting a downward sentence departure under the Sentencing Guidelines. After receiving a day from the court to conduct the necessary research, counsel failed to find this legal authority. Judge Downes then sentenced Mr. Galvez to forty-six months, the minimum sentence permissible under the Sentencing Guidelines without a downward departure. After filing a timely notice of appeal, Mr. Galvez's trial attorney filed a motion to withdraw as counsel, citing the omission of material matters from presentation at sentencing. The motion was granted.

On appeal, Mr. Galvez brings an ineffective assistance of counsel claim. He alleges that his trial counsel's failure to provide any legal authority permitting a downward sentence departure represents deficient performance that prejudiced his defense. He does not directly challenge the lack of a downward sentence departure. Instead, he alleges that his attorney's failure to present any legal authority supporting a downward departure provides an independent ground for

-2-

finding ineffective assistance of counsel. As Mr. Galvez states, "The issue before this Court is not the merits of any downward departure motion, which admittedly would require more factual development, but the simpler issue of whether under the circumstances here, the failure to *seek* a departure fell below an objectively reasonable standard and prejudiced Mr. Galvez."

We decline to reach the merits of Mr. Galvez's ineffective assistance of counsel claim on direct appeal. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

Mr. Galvez, while acknowledging the rarity of direct review of ineffective assistance of counsel claims, asserts that the present case merits an exception to the general rule because: (1) a sufficient record exists and (2) no tactical reason exists for counsel's failure to present any authority supporting a downward departure. Neither rationale persuades us to consider this claim on direct appeal.

Mr. Galvez relies primarily on *United States v. Gallegos*, 108 F.3d 1272 (10th Cir. 1997), to support his appeal.[1] *Gallegos*, however, differs from the

---

[1]The petitioner also cites *United States v. Harfst*, 168 F.3d 398, 404 (10th Cir. 1999), to argue for direct review of this matter. *Harfst*, however, pertains to
(continued...)

present case in one important regard. In *Gallegos*, we agreed to hear the ineffective assistance issue on direct appeal because the petitioner "asserted her . . . ineffective assistance of counsel claim [] at trial and in a post-trial motion . . . . , [which are] well-documented in the record . . . ." *Id.* at 1280. "As recognized in *Galloway*, effective review of ineffective assistance of counsel claims requires that a factual record be developed in and addressed by the district court in the first instance." *United States v. Alexander*, 292 F.3d 1226, 1229 (10th Cir. 2002) (citations omitted). In the present case, however, Mr. Galvez failed to raise his ineffective assistance of counsel claim either at trial or by post-trial motion, thereby denying the district court the possibility of addressing the issue.

We do not find that Mr. Galvez's asserted grounds for an exception to the *Galloway* rule exist on direct appeal. First, a sufficient record does not exist in the present case to address adequately the ineffective assistance of counsel claim on direct review. Second, without this record we cannot evaluate whether Mr. Galvez's trial counsel lacked a tactical rationale for his conduct. In short, to succeed on an ineffective assistance of counsel claim, Mr. Galvez "must show that counsel's performance was deficient . . . . [and] that the deficient

---

[1](...continued)
a collateral review of an ineffective assistance of counsel claim and, therefore, is inapposite for our analysis here. Moreover, we are not persuaded by Mr. Galvez's citations to our fellow circuit courts of appeals.

performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  No such showing is made here.

Applying our holding in *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995) (en banc), we DENY Mr. Galvez's motion to vacate his sentence.  We also DENY his request to appoint counsel to help him prepare a habeas petition.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge