F I L E D
United States Court of Appeals
Tenth Circuit

MAR 22 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DOMINIC JARAMILLO,

    Defendant - Appellant.

No. 04-2200
(D.C. Nos. CR-02-2117 JP
and CIV-04-323 JP/ACT)
(D.N.M.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

Defendant-Appellant Dominic Jaramillo, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying his 28 U.S.C § 2255 motion. Because Mr. Jaramillo has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss his appeal.

Mr. Jaramillo pleaded guilty to aggravated sexual abuse of a child in Indian Country. The applicable criminal statute prohibits "in the special maritime and territorial jurisdiction of the United States . . . , knowingly engag[ing] in a sexual

act with another person who has not attained the age of 12 years" and specifies a maximum sentence of life imprisonment. 18 U.S.C. § 2241(c). Pursuant to the Sentencing Guidelines, the presentence report calculated Mr. Jaramillo's offense level including a 4-point enhancement under U.S.S.G. § 2A3.1(b)(1) for use of force or threat. At sentencing, the district court agreed and imposed a 151-month term of imprisonment. As part of his plea agreement, Mr. Jaramillo waived appeal rights, and he did not appeal his sentence.

In his § 2255 petition, Mr. Jaramillo argued that there was insufficient evidence that he used threats to coerce his nine year old victim. As a result, he maintained that the enhancement was erroneous. He also claimed that his counsel was ineffective for failing to contest the enhancement. Sua sponte, the district court rejected the applicability of Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), to this § 2255 motion.

Ineffective assistance of counsel requires a showing of deficient performance and prejudice. United States v. Harfst, 168 F.3d 398, 402 (10th Cir. 1999). Assuming, without deciding, that counsel improperly failed to investigate, explain, or make appropriate objections to the enhancement, Mr. Jaramillo fails to satisfy the "prejudice" requirement by showing that "there is a reasonable probability that, but for counsel's errors, he would not have [received the enhancement]." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Romero v. Tansy, 46

F.3d 1024, 1033 (10th Cir. 1995). The PSR and Mr. Jaramillo's guilty plea and statements to investigators presented abundant evidence of his use of force, undercutting his prejudice argument. Though Mr. Jaramillo refuted some of this evidence (and offered alternative explanations for his conduct) in his request for a certificate of appealability, the district court's resolution of this issue is not reasonably debatable given the argument and evidence before it.

Mr. Jaramillo contends that the enhancement is infirm because he did not admit the facts relied upon for enhancement, nor were they found by a jury. Of course, the Supreme Court recently held that the rule announced in Blakely is applicable to the Sentencing Guidelines. United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). In deciding Booker, the Court unequivocally reiterated the proposition announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), stating that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. However, Blakely does not apply to a case like this one that is on collateral review. Schriro v. Summerlin, 124 S. Ct. 2519, 2522-26 (2004) (concluding that Ring v. Arizona, 536 U.S. 584 (2002) was procedural and did not apply retroactively); United States v. Price, No. 04-7058, 2005 WL 535361, at *1 (10th Cir. Mar. 8, 2005).

We DENY Mr. Jaramillo's request for a COA and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge