# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-2494

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ALFONSO RODRIGUEZ-CARDENAS,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 1017-1—**Elaine E. Bucklo**, *Judge.*

———————

ARGUED MARCH 3, 2004—DECIDED MARCH 31, 2004

———————

Before POSNER, ROVNER, and EVANS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Alfonso Rodriguez-Cardenas
pleaded guilty to conspiracy to distribute heroin and
cocaine, 21 U.S.C. §§ 846, 841(a)(1). At sentencing
Rodriguez-Cardenas requested a two-level reduction for
being a minor participant in the conspiracy, U.S.S.G.
§ 3B1.2, but the district court denied his request and sen-
tenced him to 37 months' imprisonment. On appeal
Rodriguez-Cardenas challenges the denial of the minor-
participant reduction, but the district court's factual finding
on that question is unassailable. We are publishing this

opinion, however, to correct statements in several of our recent cases that might be read as inconsistent with a 2001 amendment that expressly rejected a limitation we had placed on eligibility for a mitigating-role reduction. U.S.S.G. § 3B1.2, App. C, amend. 635.

Rodriguez-Cardenas was charged along with co-conspirator Rafael Gutierrez in a three-count indictment and pleaded guilty to the conspiracy count pursuant to a plea agreement. The factual basis for the plea recounts that Gutierrez arranged two drug sales to persons who, unbeknownst to him, were cooperating with law enforcement officers. After Gutierrez negotiated each of the sales, Rodriguez-Cardenas completed the transactions by meeting the "buyers" at prearranged locations on October 15, 2002, to deliver heroin, and on October 21, 2002, to deliver cocaine and collect the money for the heroin. Rodriguez-Cardenas admitted at sentencing that he knew each time that he was delivering drugs.

The probation officer who prepared Rodriguez-Cardenas' presentence report had no information suggesting other drug transactions during the conspiracy and thus counted only the two October deliveries in calculating a base offense level of 26. *See* U.S.S.G. § 2D1.1(a)(3). After receiving a "safety valve" reduction, *see* U.S.S.G. §§ 5C1.2, 2D1.1(b)(6), Rodriguez-Cardenas requested an additional reduction for being what he characterizes as a minor participant in the conspiracy. Rodriguez-Cardenas argued that he was not precluded from receiving a minor-participant reduction simply because he was being held accountable only for the two deliveries on October 15 and 21. *See* U.S.S.G. § 3B1.2, comment. (n.3(A)) (2004). The government responded that the facts of the case did not warrant a reduction because Rodriguez-Cardenas' role in delivering the drugs made him no less culpable than Gutierrez who negotiated the sales. The district court denied the reduction:

> I do agree [with the government] that in this case, it—I just haven't heard anything to say that his role wasn't major. It seems to me that the only thing I can say is, since he wasn't the one that had the drugs to begin with or he wasn't the one that negotiated it, that his role wasn't important. But it was.

On appeal Rodriguez-Cardenas argues that it was error to deny him the reduction because, he says, he did not organize the drug sales, did not have contact with the suppliers or negotiate with the buyers, and acted only at Gutierrez's directions. We review the denial of a minor-participant reduction only for clear error. *See United States v. Corral*, 324 F.3d 866, 874 (7th Cir. 2003). A defendant may receive the two-level reduction only if he is "substantially less culpable than the average participant," U.S.S.G. § 3B1.2, comment. (n.3(A)); *see Corral*, 324 F.3d at 874, and so Rodriguez-Cardenas, as the proponent of the reduction, was required to establish that he played a much smaller role than Gutierrez, *Corral*, 324 F.3d at 874. Rarely will we reverse a district court's finding in this regard. *See id.*; *United States v. Arocho*, 305 F.3d 627, 641 (7th Cir. 2002); *United States v. Castillo*, 148 F.3d 770, 776 (7th Cir. 1998); *cf. United States v. Hunte*, 196 F.3d 687, 694-95 (7th Cir. 1999).

Here, the district court decided that Rodriguez-Cardenas did not play a minor role in the offense. The parties do not dispute that Rodriguez-Cardenas made two deliveries. Gutierrez, on the other hand, obtained the drugs, scheduled the deliveries, and instructed Rodriguez-Cardenas where, when, and what to deliver. The district court evaluated the offense of conviction and determined that there had been no relevant conduct beyond the two deliveries, *see* U.S.S.G. § 1B1.1, comment. (n.1(H)), and in its discretion denied the reduction. In addition, we have held that a defendant is not entitled to the reduction for merely being a courier rather than the principal, *United States v. McClinton*, 135 F.3d

1178, 1190 (7th Cir. 1998), and couriers play an important role in the drug distribution scheme, *United States v. Hamzat*, 217 F.3d 494, 498 (7th Cir. 2000). Therefore the court did not clearly err because it reasoned that the role played by Rodriguez-Cardenas was no less significant than that of Gutierrez. *See Corral*, 324 F.3d at 874.

Rodriguez-Cardenas notes that in recent opinions we have continued to endorse the proposition that where a defendant's offense level is tied only to drug amounts he personally handled he is precluded from receiving a § 3B1.2 reduction, a position that directly contradicts a 2001 amendment to the sentencing guidelines. *See* U.S.S.G. § 3B1.2, comment. (n.3(A)) and App. C, amend. 635; cf., *e.g.*, *United States v. Brown*, 136 F.3d 1176, 1185-86 (7th Cir. 1998); *United States v. Burnett*, 66 F.3d 137, 140 (7th Cir. 1995). The amendment, effective on November 1, 2001, explicitly rejected our position in *Burnett*, 66 F.3d at 140, and stated that in all types of offenses, the court must consider the defendant's conduct against the relevant conduct that he is held accountable for at sentencing, and even in cases where the defendant is held accountable only for conduct in which he was personally involved, he is not precluded from receiving the reduction. U.S.S.G., App. C, amend. 635.

Since the enactment of the amendment, we have unintentionally repeated language from pre-amendment opinions that appears to be more consistent with our now-rejected view that a defendant held accountable only for his own conduct cannot qualify for the mitigating-role reduction. *See Corral*, 324 F.3d at 874 (citing *United States v. Brown*, 136 F.3d 1176, 1185-86 (7th Cir. 1998) for the proposition that we consider "whether the defendant was a minor participant in the crime for which he was convicted, not whether he was a minor participant in some broader conspiracy that may have surrounded it" and that "one cannot be a minor participant with respect to his own actions"); *Arocho*, 305

F.3d at 640-41 (citing the pre-2001 amendment language of § 3B1.2); *United States v. Crowley*, 285 F.3d 553, 560 (7th Cir. 2002) (citing *United States v. Felix-Felix*, 275 F.3d 627, 637 (7th Cir. 2001) for the proposition that "a minor role reduction was particularly unnecessary here because the district court held Ms. Crowley responsible only for the drugs she herself obtained"); *United States v. Brumfield*, 301 F.3d 724, 736 (7th Cir. 2002) (holding that the district court properly denied the reduction where the "defendant has been held accountable only for the drugs that he personally handled"); *Felix-Felix*, 275 F.3d at 637 (holding that where the defendant "was sentenced only for the drugs that he himself 'had his hands on' at the house . . . made the downward departure neither necessary, nor, under our interpretation of the existing guidelines, appropriate"); *United States v. Hunt*, 272 F.3d 488, 497 (7th Cir. 2001) (citing *United States v. Griffin*, 150 F.3d 778, 787 (7th Cir. 1998) for the proposition that "Hunt was held accountable only for his conduct and therefore was ineligible for such a reduction"). In contrast to the unintended language in these decisions, a defendant is no longer precluded from receiving a reduction under § 3B1.2 even if he is held accountable only for his own conduct. *See* U.S.S.G. § 3B1.2, comment. (n.3(A)). Recognition of Amendment 635 necessitates that we disavow our post-amendment cases to the extent that they can be read as inconsistent with the amended guideline.

However, this change has no effect on the outcome of this appeal because the parties agreed that Rodriguez-Cardenas was not precluded from receiving the minor-participant reduction, and the district court considered his level of culpability as compared to his co-conspirator. *Id.*; *see Corral*, 324 F.3d at 874.

AFFIRMED.

A true Copy:

    Teste:

                             _____
                      *Clerk of the United States Court of*
                         *Appeals for the Seventh Circuit*