NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 25, 2007
Decided April 25, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No.  06-2774

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 130 |
| DAVE OLORUNFEMI, *Defendant-Appellant.* | James B. Zagel, *Judge.* |

## O R D E R

Customs inspectors at Dulles International Airport found nearly three kilograms of heroin in a duffle bag that Dave Olorunfemi carried on his flight from Nigeria.  Law enforcement agents accompanied Olorunfemi to Chicago where he led them to the intended recipient of the heroin.  Olorunfemi pleaded guilty to conspiring to possess heroin with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), and attempting to import the drug, *id.* §§ 963, 952.  In his written plea agreement, he admitted lying at the evidentiary hearing on his motion to suppress.  Not only had he falsely accused a federal agent of holding a gun to his head to coerce his cooperation, but he also had tried to exonerate his codefendant, the recipient of the

heroin. Accordingly, Olorunfemi agreed that his base offense level of 32, *see* U.S.S.G. § 2D1.1(c)(4), would be increased two levels for obstruction of justice, *id.* § 3C1.1. Despite the obstruction, however, the district court still awarded him a two-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The court also applied the "safety valve" and subtracted two more levels. *See* 18 U.S.C. § 3553(f); U.S.S.G. §§ 5C1.2, 2D1.1(b)(9). The resulting total offense level of 30 combined with Olorunfemi's Criminal History Category of I yielded a guidelines imprisonment range of 97 to 121 months. The court sentenced him to a total of 96 months.

Olorunfemi appeals, but after he learned that his attorney planned to move to withdraw because he cannot discern a nonfrivolous basis for the appeal, *see Anders v. California*, 386 U.S. 738, 744 (1967), Olorunfemi moved to dismiss counsel and proceed *pro se*, or in the alternative, for permission to file a supplemental brief. His counsel subsequently moved to withdraw under *Anders*, and Olorunfemi responded to counsel's motion. *See* Cir. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief and Olorunfemi's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Olorunfemi does not wish to have his guilty pleas set aside and thus properly avoids discussing any potential issue regarding the adequacy of the plea colloquy or the enforceability of the plea agreement. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). In his Rule 51(b) response, Olorunfemi asserts that the government led him to believe he would receive only three or four years' imprisonment, and thus breached the plea agreement. Essentially, he argues that the government induced his guilty pleas with false promises that rendered them involuntary. But this potential argument is belied by the plea agreement, which includes no assurance of a shorter sentence, and by his testimony at the plea colloquy that no promises had been made other than those in the plea agreement. In any event, because Olorunfemi does not want his guilty pleas vacated, any such argument would be frivolous. *See id.*; *United States v. Driver*, 242 F.3d 767, 770 (7th Cir. 2001).

Counsel next considers whether Olorunfemi could challenge the district court's failure to rule on his fourth request for the appointment of substitute counsel (the court had granted the first three). Olorunfemi made the request after he pleaded guilty and nearly a year before sentencing. Nothing in the record suggests that Olorunfemi took any action to follow up on his request, and neither he nor his attorney brought it up at sentencing. The only plausible inference to be drawn from Olorunfemi's conduct is that he intentionally abandoned the request, *see United States v. Johnson*, 223 F.3d 665, 667-69 (7th Cir. 2000), and therefore

any potential argument stemming from the court's failure to act on it would be frivolous.

Counsel thus turns to the sentence, and first considers whether Olorunfemi could argue that the district court erroneously denied him a two-level reduction in his offense level as a minor participant. *See* U.S.S.G. § 3B1.2(b). Olorunfemi would go further; in his Rule 51(b) response, he insists that he played only a minimal role and should have received a four-level decrease. *See id.* § 3B1.2(a). A defendant must be substantially less culpable than the average participant to qualify for a reduction under § 3B1.2, and we would review the court's determination that Olorunfemi does not qualify for clear error only. *See United States v. Rodriguez-Cardenas*, 362 F.3d 958, 959 (7th Cir. 2004); *United States v. Miller*, 159 F.3d 1106, 1111 (7th Cir. 1998). As counsel points out, Olorunfemi was not entitled to a mitigating-role reduction simply by virtue of his role as courier. *See Rodriguez-Cardenas*, 362 F.3d at 960; *United States v. McClinton*, 135 F.3d 1178, 1190 (7th Cir. 1998). And given that Olorunfemi transported nearly three kilograms of heroin from Nigeria to Chicago, it was not clearly erroneous for the court to deny him a mitigating-role reduction. *See United States v. Rodriguez De Varon*, 175 F.3d 930, 943 (11th Cir. 1999) (noting that the amount of drugs imported in a drug courier case is a "material consideration in assessing a defendant's role"); *United States v. Navarro*, 90 F.3d 1245, 1263 (7th Cir. 1996) (defendant who drove three kilograms of cocaine from Kenosha, Wisconsin, to Milwaukee not entitled to mitigating-role reduction). Thus counsel correctly concludes that it would be frivolous to argue that its refusal to award Olorunfemi a mitigating-role reduction was clearly erroneous.

Counsel and Olorunfemi both consider whether he could argue that the district court erroneously added two levels for obstruction of justice. *See* U.S.S.G. § 3C1.1. But Olorunfemi admitted that he lied at his suppression hearing, and in his plea agreement he stipulated that obstruction points were warranted. Accordingly, he waived any potential appellate argument. *See United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999).

Counsel next considers arguing that the district court erred by denying Olorunfemi a third point for acceptance of responsibility under § 3E1.1(b). Counsel correctly notes that the court lacked authority to award the third point without a motion by the government, *see* U.S.S.G. § 3E1.1(b); *United States v. Baretz*, 411 F.3d 867, 876 (7th Cir. 2005), which the government refused to file in this case. Moreover, if counsel was to make this argument we might well conclude that the district court clearly erred in awarding the two acceptance points in the first place. It is only in the most exceptional case that a defendant who receives an upward adjustment for obstruction of justice will be awarded acceptance points. *See United States v. Davis*, 442 F.3d 1003, 1009-10 (7th Cir. 2006). Because Olorunfemi admitted falsely accusing a federal agent of holding a gun to his head to coerce his

cooperation, the court's determination that his was an exceptional case is highly questionable.

Finally, counsel asks whether Olorunfemi could argue that his 96-month prison sentence is unreasonable. But the district court evaluated the pertinent sentencing factors under 18 U.S.C. § 3553(a), and noted in particular that the economic hardship Olorunfemi faced at the time of the offense was offset by the harm his crime could have caused to society. Olorunfemi's sentence is one month below the guidelines minimum, and two years below the mandatory minimum that would have applied if not for the safety valve. *See* 21 U.S.C. § 841(b)(1)(A)(i). We have noted that it is "hard to conceive" of a sentence below the range being "unreasonably high." *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Counsel has been unable to articulate any reason why this case might be the exception, and nothing we see in the record suggests that it is. No matter what the Supreme Court ultimately concludes about the role of the guidelines in assessing the reasonableness of a sentence, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S.Ct. 551 (U.S. Nov. 3, 2006), we would conclude that this sentence is reasonable even without any presumption in favor of the guidelines.[1]

We therefore GRANT counsel's motion to withdraw, DENY Olorunfemi's motion to proceed *pro se* or file a supplemental brief, and DISMISS the appeal.

---

[1]Counsel also considers whether Olorunfemi could challenge the written judgment because it does not reflect the district court's oral pronouncement that Olorunfemi's 96-month prison sentences will run concurrently. After counsel filed his *Anders* submission, the district court granted his motion to correct the written judgment, so the potential argument counsel identifies is now moot.