**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0489n.06
Filed: July 11, 2007

**Case No. 06-1302**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE EASTERN DISTRICT OF** |
| **v.** | ) | **MICHIGAN AT DETROIT** |
| | ) | |
| | ) | |
| **MARJORIE VICARI,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE:   MOORE and GIBBONS, Circuit Judges; SARGUS, District Judge.*

**SARGUS, District Judge.**   Appellant-Defendant Marjorie Vicari ("Vicari") was convicted of engaging in a conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following her plea of guilty, Vicari was sentenced to thirty-seven (37) months of incarceration and three (3) years of supervised release.

Vicari contends that the district court erred in failing to find that she was a minimal, rather than minor, participant under U.S.S.G. § 3B1.2.  She also contends that the sentence imposed was unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).  For the reasons that follow, the sentence imposed by the district court is AFFIRMED.

---

*The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## I.

Vicari, along with nineteen others, was indicted for engaging in a conspiracy to distribute marijuana. Thereafter, she entered a plea of guilty to a single count of conspiracy to distribute marijuana. Vicari did not enter into or sign a plea agreement, in part to preserve her option to appeal.

Prior to sentencing, Vicari's counsel and the Government agreed that the relevant conduct for sentencing guidelines purposes was 445 kilograms of marijuana.[1] The Government also agreed that Vicari was entitled to the benefit of the safety valve provisions of 18 U.S.C. § 3553(f), which eliminated the otherwise mandatory minimum sentence of five years set forth in 21 U.S.C. § 841(b)(1)(B)(vii) and reduced her offense level by two points.

The presentence report also recommended that Vicari be deemed a minimal participant entitled to a four point reduction of her offense level. The Government contended that Vicari was neither a minor nor minimal participant.

Vicari, while not disputing the relevant conduct as including 445 kilograms of marijuana, contended that she was only involved in the long-running conspiracy in the early 1990's and then again in 2002, when she was stopped in Iowa with a co-defendant. Inside their vehicle was hidden approximately $250,000 in cash, to be used for the purchase of marijuana. Vicari contended that her involvement in the entire conspiracy to distribute over 40 tons of marijuana was minimal.

The district judge first noted that the relevant conduct had been substantially reduced from 1,000 to 445 kilograms. This reduction therefore excluded from relevant conduct other amounts

---

[1]The original presentence report recommended over 1,000 kilograms as the appropriate relevant conduct. After both the Government and Vicari objected, the lower amount was incorporated into the final version of the presentence report.

of marijuana moved by the conspiracy, which were not attributed to Vicari. The district court found that Vicari had with her on her 2002 trip enough money to buy over 300 pounds, or 166.6 kilograms. In addition, Vicari made a number of trips in 1991 with a co-defendant to deliver money and return with marijuana. The district court concluded that she was a minor, rather than minimal, participant. As a result, the offense level was reduced by two points and the final guideline sentencing range was 37 to 46 months.

Vicari also made a number of arguments for a sentence below the guideline range based on under 18 U.S.C. § 3553(a).[2] She asked the district court to consider her age (66 at the time of

[2]Section 3553(a) provides in full:
(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by

-3-

sentencing), her long business career, and her semi-dependent adult son. She also requested that

the district court consider that she would lose her current job if she were sentenced to imprisonment.

Finally, Vicari asked the district court to impose a sentence below the guideline range because she

suffered from fibromyalgia and sepsis.

The district court correctly computed the applicable guideline range and thereafter

considered all of the factors enumerated in 18 U.S.C. § 3553(a). The court found that Vicari's age

the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. [FN1]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

had not prevented her from engaging in the crime of conviction. The court also noted that her involvement in the conspiracy – although sporadic – spanned a decade, negating any claim of aberrant behavior. The district court also considered that Vicari had already been given the benefit of the safety valve provision and a minor role reduction. The court also observed that Vicari's health problems could be adequately addressed while she was in custody. Finally, the district judge noted that Vicari's three other adult children lived in Detroit and could assist their brother, while his mother was absent.

## II.

Vicari raises two issues in this appeal. First, she contends that the district court erred in finding that she was only a minor and not minimal participant as those terms are used in U.S.S.G. § 3B1.2. Second, she asserts that the sentence imposed by the court was unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005).

## III.

A defendant must prove entitlement to a role reduction under U.S.S.G. § 3B1.2. *United States v. Searan*, 259 F.3d 434, 447 (6th Cir. 2001) (citing *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990)).[3] This Court reviews for clear error the findings of fact made by the district court in considering application of role reduction provisions of the Sentencing Guidelines. *Searan*, 259 F.3d at 447 (citing *United States v. Moss*, 9 F.3d 543, 554 (6th Cir. 1993); *United States v. Nagi*,

---

[3]In *Perry,* this Court elaborated on the clearly erroneous standard and held " 'a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old unrefrigerated dead fish.' " *Perry*, 908 F.3d at 58 (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

947 F.2d 211, 214-15 (6th Cir. 1992)).[4]

This Court reviews a sentence imposed by a district court for reasonableness. *United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006) (citing *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005)). A sentence imposed within the Sentencing Guidelines is presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

**IV.**

U.S.S.G. § 3B1.2 states in its entirety:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a)      If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b)      If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

Application Note 3(A) to U.S.S.G. § 3B1.2 states in part:

> 3.      <u>Applicability of Adjustment</u>.—
>
> (A)    <u>Substantially Less Culpable than Average Participant</u>.—This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.
>
> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved

---

[4]This Court recently observed that there is reason to question the standard of review as to decisions made by the district court as to a role enhancement under U.S.S.C. § 3B1.1 *United States v. McDaniel*, 398 F.3d 540, 551 n. 10 (6th Cir. 2005). In *McDaniel*, this Court noted that following *Buford v. United States*, 532 U.S. 59, 66 (2001), a standard more deferential to the findings of the district court may be appropriate. Since the standard of review applied in this case makes no difference in our conclusion, we decline to resolve the issue.

and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.

Application Note 4 to U.S.S.G. § 3B1.2 states:

4.    Minimal Participant.—Subsection (a) applies to a defendant described in Application Note 3(A) who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

(Appendix C, amendment 456); November 1, 2001 (*see* Appendix C, amendment 635);

November 1, 2002 (*see* Appendix C, amendment 640).

The district court found that Vicari was a minor participant. The court denied Vicari's request for a finding that she was a minimal participant. This conclusion was not erroneous. The district court evaluated the role played by Vicari – a money courier, and a driver. While her role was not as a leader or manager of the conspiracy, this Court has held that "[a] defendant does not become a minor participant simply because others planned a scheme and made all the arrangements for its accomplishment." *United States v. Miller*, 56 F.3d 719, 720 (6th Cir. 1995) (citing *United States v. Burroughs,* 5 F.3d 192 (6th Cir. 1993)). The same hold true with greater force as to whether a defendant is a minimal participant.

Prior to November 1, 2001, U.S.S.G. § 3B1.2 had been interpreted by several circuits to

prohibit a minor or minimal role adjustment, if the defendant was accountable for relevant conduct including only quantities of drugs with which the defendant was personally involved in selling, buying or moving. See e.g., *United States v. Burnett*, 66 F.3d 137, 140 (7th Cir. 1995). The Commentary to U.S.S.G. § 3B1.2 was modified by Amendment 635, effective November 1, 2001, to provide expressly that an adjustment for minor or minimal role is not precluded as to a defendant who "is accountable . . . only for the quantity of drugs the defendant personally transported or stored . . . ." Commentary 3(A), U.S.S.G. § 3B1.2, effective Nov. 1, 2001.

> In the report accompanying the amendment, the Sentencing Commission also observed:
>
> The amendment does not require that such a defendant receive a reduction under § 3B1.2, or suggest that such a defendant can receive a reduction based only on those facts; rather, the amendment provides only that such a defendant is not precluded from consideration for such a reduction if the defendant otherwise qualifies for the reduction pursuant to the terms of § 3B1.2.

U.S.S.G., Supplement to Appendix C, Nov. 1, 2001 (Reason for Amendment).

While the entire conspiracy involved over 40 tons of marijuana, Vicari was not held accountable for the entire quantity of drugs trafficked by the conspiracy. The 445 kilograms of marijuana attributed to her conduct included amounts she purchased or helped transport. From the Commentary accompanying U.S.S.G. § 3B1.2, Vicari is not prohibited from receiving a role reduction solely because her relevant conduct was limited to quantities of marijuana which she actually transported. The district court, however, was not precluded from considering such fact in evaluating the application of the guideline. Further, the current Commentary continues to note that a minimal role adjustment should be used infrequently. U.S.S.G. § 3B1.2, Application Note 4.

The district court did not err by referencing the limited quantity of the drugs used in computing relevant conduct in denying the minimal-role adjustment. In addition, the district court

found that, while Vicari played a part in transporting cash and marijuana, she was a minor, but not minimal, participant. The basis for the Court's decision was supported by the record.

The district court did not err in concluding that Vicari was a minor, but not a minimal participant.

## V.

Vicari also contends that the sentence imposed by the district court was unreasonable. The sentence imposed is within the guideline range and entitled to a presumption of reasonableness. *Williams,* 436 F.3d at 708. As noted in *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006), a district court must consider the correctly computed guideline range and the factors set forth in 18 U.S.C. § 3553(a) for the sentence to be procedurally reasonable. In this case, the district court correctly computed the guidelines and addressed all of the sentencing factors enumerated in 18 U.S.C. § 3553(a).

A sentence is substantively unreasonable if the district court " 'bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or give[s] an unreasonable amount of weight to any pertinent factor.' " *Collington*, 461 F.3d at 808 (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). Here, the district court correctly computed the guideline range and addressed each pertinent factor under 18 U.S.C. § 3553(a). The district court also addressed each issue raised by Vicari in support of a variance. The district court did not act in an arbitrary fashion or otherwise base the sentence on any impermissible factors.

## VI.

For the reasons set forth above, we AFFIRM the sentence imposed by the district court.