**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2008
Decided February 10, 2009

**Before**

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2266

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 CR 374-2 |
| STEVEN ARAUJO, | |
| *Defendant-Appellant*. | **Ronald A. Guzmán**, *Judge.* |

**ORDER**

Steven Araujo pleaded guilty to conspiring with his father and three other persons to distribute at least one kilogram of heroin, *see* 21 U.S.C. §§ 841(a)(1), 846, and the district court sentenced him to 95 months' imprisonment. On appeal Araujo argues that the district court erred by failing to reduce his sentence under U.S.S.G. § 3B1.2 for playing a minor role in the conspiracy and by failing to address explicitly his argument under 18 U.S.C. § 3553(a) that he was influenced by his father. We affirm the sentence.

In a plea agreement, Araujo admitted the following facts. From 2004 to 2007, he delivered wholesale quantities of heroin on behalf of his father and stored heroin and cutting agents at his residence. In one instance, Araujo met and discussed a sale with "Individual B," who unbeknownst to him had been arrested and was cooperating with authorities, and told Individual B that his father could provide samples of heroin. At a subsequent meeting at Araujo's house, Individual B paid Araujo's father for heroin previously "fronted" to him, and Araujo and his father fronted him with additional heroin. At some point, Araujo apparently warned Individual B of the arrest of Individual A, another member in the drug chain. Altogether, Araujo conceded that between three and ten kilograms of heroin were distributed during the conspiracy.

At sentencing, Araujo argued that he had a minor role in the conspiracy and should receive a two-level downward adjustment under U.S.S.G. § 3B1.2. He asserted that his father supervised the conspiracy and that all of the other members were drug distributors, whereas he only followed his father's instructions and stored the heroin and cutting agents. Araujo acknowledged carrying out his father's orders while his father was in Mexico, but explained that he did not "run the operation" in his father's absence, as the government had asserted. Granting the adjustment would have resulted in an imprisonment range of 70 to 87 months instead of 87 to 108 months. Araujo also argued that under § 3553(a) he deserved a lower sentence because he was an impressionable young man—in his early twenties at the time—unduly influenced by his father to enter the conspiracy.

The court found that Araujo played an "integral" role in the conspiracy and thus refused to grant a minor-role adjustment. The court pointed out that Araujo stored the drugs and cutting agents, warned one participant of another's arrest, and carried out his father's orders while his father was abroad. It further noted Araujo's longstanding participation and distinctive role in the conspiracy but did not specifically mention his father's influence. Although Araujo's offense carries a mandatory minimum sentence of 120 months' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(i), the court applied the safety-valve exception, *see* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(11), 5C1.2, and pronounced a sentence of 95 months, in the middle of the calculated guidelines range.

Araujo first argues that the district court erred in denying him a minor-role adjustment under § 3B1.2. He acknowledges that he made deliveries and stored heroin and cutting materials, but contends that his role was minor because he acted at his father's direction and, unlike other members, was not involved in "significant decision making," price-setting, or sourcing.

Araujo's comparison between his role and the roles of the other (nonleader) members is unavailing because he did not produce sufficient evidence of the other

members' activities to establish that he was substantially less culpable than they were. *See* U.S.S.G. § 3B1.2(b) & cmt. nn. 3, 5; *United States v. McGee*, 408 F.3d 966, 987 (7th Cir. 2005); *United States v. McKee*, 389 F.3d 697, 700 (7th Cir. 2004). The record shows only that the other members purchased wholesale quantities of heroin. But even if they were more culpable, the adjustment is not warranted if Araujo's own role was "integral," and the court did not clearly err in concluding that it was. *See United States v. Gonzalez*, 534 F.3d 613, 617 (7th Cir. 2008); *McKee*, 389 F.3d at 700; *United States v. Castillo*, 148 F.3d 770, 776 (7th Cir. 1998). Even a courier ignorant of the rest of the conspiracy can play an integral role, *see United States v. Mendoza*, 457 F.3d 726, 729-30 (7th Cir. 2006), and here Araujo knew enough about the conspiracy as a whole to carry out his father's orders while his father was abroad and warn one member of another's arrest. His role is not minor simply because it was primarily to store and deliver drugs, *see Gonzalez*, 534 F.3d at 617, or because another member directed his actions, *see United States v. Rodriguez-Cardenas*, 362 F.3d 958, 960 (7th Cir. 2004).

Araujo also argues that his sentence is unreasonable in light of the factors in § 3553(a) because the district court did not explicitly discuss his argument that he was unduly influenced by his father. He contends that this strong paternal influence was a mitigating factor that should have reduced his culpability and led to a lower sentence.

Based on the amount of attention the judge gave to Araujo's role in the offense vis-à-vis his father and the coconspirators in connection with the § 3B1.2 analysis, we are satisfied that the judge implicitly considered and rejected Araujo's argument under § 3553(a). He weighed Araujo's culpability relative to the other members and acknowledged the role played by Araujo's father, but ultimately concluded that Araujo persisted in perpetrating a serious offense over a long period of time. This reflects meaningful consideration of the relevant factors in § 3553(a), which is all that is required. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005).

Accordingly, we AFFIRM the judgment of the district court.