# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40475

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR MONTOYA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-614-9

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Omar Montoya was convicted by a jury of conspiracy to possess with intent to distribute, as well as possession with intent to distribute, cocaine. He argues on appeal that the district court erroneously denied his motion to suppress evidence. We AFFIRM.

During the course of an investigation into a cocaine conspiracy, police stopped Montoya while he was driving his truck and obtained his consent to search his residence, where they found over twenty kilograms of cocaine.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40475

Montoya argues that the police lacked reasonable suspicion to stop him, that the officers' intent to obtain his consent could not justify the stop, and that his consent was not voluntary.

An investigatory stop is proper only if based on reasonable suspicion that criminal activity is afoot. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868 (1968). Prior to the stop here, police learned from an intercepted telephone call that Tio Gonzalez was to deliver eight kilograms of cocaine to Montoya at Johnny's Meat Market, where Tio had previously engaged in narcotics transactions. During surveillance, police witnessed Tio place a black bag in the passenger side of his vehicle and drive to Johnny's. They then saw Montoya walk up to the passenger side of Tio's vehicle. A subsequently intercepted telephone call confirmed that Tio had delivered the cocaine to Montoya. Surveillance officers then saw Montoya drive to his residence and exit his vehicle carrying a black bag. Montoya left the residence a short time later carrying a smaller bag, drove to a Boost Mobile store, parked, and then drove back to his residence. The smaller bag was not seen again.

Police intended to talk with Montoya at his residence to get his consent to search the house, but before they could talk to him he left the residence a second time. Police stopped Montoya a few blocks away and told him about their investigation of narcotics being stored at his home. Within five minutes of the stop, Montoya gave police consent to search the residence. Under the totality of the circumstances, police had reasonable suspicion to suspect that Montoya was involved in criminal activity and properly conducted an investigatory stop. *See, e.g., United States v. Rideau*, 969 F.2d 1572, 1574-75 (5th Cir. 1992) (en banc) (holding that reasonable suspicion to conduct an investigatory stop requires "only some minimal level of objective justification for the officer's actions, measured in light of the totality of the circumstances").

No. 13-40475

Montoya argues that the stop was improper because he had committed no traffic offense and the officers stopped him solely to obtain consent to search his house.  However, police already had reasonable suspicion, if not probable cause, based on their surveillance to believe that Montoya was involved in criminal activity independent of his driving the vehicle.  Those suspicions at the least justified an investigatory stop.  *See United States v. Stevens*, 487 F.3d 232, 244 (5th Cir. 2007) (characterizing reasonable suspicion of defendants' involvement in narcotics activity learned from surveillance of a house as an independent justification, apart from an illegal lane change, for an investigative stop); *see also United States v. Felix-Felix*, 275 F.3d 627, 635-36 (7th Cir. 2001) (noting where police had reasonable suspicion of defendant's involvement in drug trafficking that it would have been "easy to conclude" there was a permissible *Terry* stop if defendant, rather than fleeing from police, had "simply chosen to stop his car and answer the government's questions"), *superseded on other grounds by statute as recognized in United States v. Rodriguez-Cardenas*, 362 F.3d 958 (7th Cir. 2004); *United States v. Maldonado*, 213 F. Supp. 2d 710, 715 (S.D. Tex. 2002) (holding that it was reasonable to stop a vehicle for further investigation where police had ample grounds to believe that at least two of the three occupants were involved in an ongoing conspiracy to distribute cocaine).

After police properly stopped Montoya, he gave valid consent to the search of his home.  Montoya challenges the voluntariness of the consent, but because he did not raise the same argument in his motion to suppress that he now makes on appeal the issue is waived.  *See United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010) ("failure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal" (internal quotation marks and citation omitted)).  Even if we applied a plain error standard for good measure, *see id.*, the voluntariness

of a defendant's consent is an issue of fact.  *See United States v. Santiago*, 410 F.3d 193, 199 (5th Cir. 2005).  An issue of fact capable of resolution by the district court can never be plain error.  *United States v. Chung*, 261 F.3d 536, 540 (5th Cir. 2001); *see also United States v. Huesca*, No. 99-50127, 1999 WL 1068212, at *1 (5th Cir. Oct. 21, 1999) (unpublished).  Moreover, even if we reviewed the totality of the circumstances, we would find no reversible error because there is no evidence of police coercion during the stop.  The few officers who were involved, some of whom were in civilian clothes, never drew their weapons or handcuffed Montoya.  Montoya was detained for only a short time, he fully cooperated with the police, and he indicated by signing the consent form that he was acting freely and voluntarily and that he knew he could refuse to consent.  We are satisfied from our review of the record that Montoya's consent was valid.  *See United States v. Shabazz*, 993 F.2d 431, 438-39 (5th Cir. 1993).

AFFIRMED.