NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0403n.06

No. 21-6046

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 13, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| v. | ) ) | THE EASTERN DISTRICT OF KENTUCKY |
| RUBEN CORRALES, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: McKEAGUE, WHITE, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Ruben Corrales pleaded guilty to distributing several pounds of methamphetamine. In his plea agreement, Corrales reserved the right to seek a reduction to his offense level under the Sentencing Guidelines on the ground that he played only a "minor" role in the offense. *See* U.S.S.G. § 3B1.2(b). Ultimately, however, Corrales's attorney chose not to seek a minor-role reduction. He instead focused on persuading the district court that Corrales's limited role should affect the court's balancing of the sentencing factors in 18 U.S.C. § 3553(a). Corrales now argues that the district court should have granted him the minor-role reduction and that he preserved this claim by flagging it in his plea agreement. Yet to preserve a request for a minor-role reduction, a defendant must make a request for a minor-role reduction. Corrales did not. He instead told the district court that he was *not* requesting one. And even if he merely forfeited (as opposed to waived) this claim, the district court did not commit plain error by failing to apply the minor-role reduction on its own initiative. We thus affirm Corrales's sentence.

I

Ruben Molina ran a drug-trafficking operation that eventually drew the attention of law enforcement in Lexington, Kentucky. In October 2020, officers coordinated with a confidential source to set up a methamphetamine deal with Molina. The source purportedly agreed to buy two pounds of the drug at $3,800 per pound. On the day of the scheduled deal, officers monitored Molina's home. They knew that he often used "runners" to distribute drugs and collect payments. The officers saw a man they later learned was Corrales drive from Molina's home to the place chosen for the deal. The officers then watched Corrales get out of his vehicle, hand the confidential source a red bag, and accept in return the funds that the officers had given the source ($7,600).

Yet it turns out that Molina and the confidential source had miscommunicated over the amount of methamphetamine involved in the exchange. The red bag that Corrales handed to the source contained some 2.2 kilograms (or just under 5 pounds) of methamphetamine. Later that night, Molina called the confidential source complaining that the source had not provided enough money for the drugs and indicating that he would pick up the rest of his "bread" in the near future.

At the officers' request some two weeks later, the confidential source told Molina that the source now had a portion of the money due. The parties agreed to exchange this money at a local grocery store. On the arranged day, the officers gave the source another $1,000. Molina arrived with Corrales at the store and took the $1,000 from the source during an interaction that the officers secretly recorded. After the transfer, the officers stopped Molina's car and arrested both Molina and Corrales.

Corrales entered into a plea agreement with the government. He agreed to plead guilty to one count of distributing at least 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1); the government agreed to dismiss two other counts. Turning to the proper calculation

of Corrales's guidelines range, the parties next agreed that he had a base offense level of 36. This level rested on their shared conclusion that the court should hold Corrales responsible for just over 2 kilograms of methamphetamine. The parties also agreed that Corrales reserved the right to argue for a 2-level reduction of his offense level on the ground that he played only a "minor" role in the offense. U.S.S.G. § 3B1.2(b).

The probation officer who prepared Corrales's presentence report declined to recommend this minor-role reduction. But the officer did recommend two other offense-level reductions. When combined with Corrales's minimal criminal history, those reductions led to a guidelines range of 108 to 135 months' imprisonment.

At sentencing, Corrales did not object to the presentence report's calculations. The district court accepted them without change. Although Corrales did not move for a minor-role reduction under § 3B1.2, his attorney asked the court to consider his "limited" involvement in the crime when balancing the sentencing factors in 18 U.S.C. § 3553(a). Sent. Tr., R.169, PageID 901. The government agreed that Corrales had a more "limited" role than Molina but clarified that it would have opposed a minor-role reduction. *Id.*, PageID 907. When balancing the § 3553(a) factors, the district court also noted that it would have denied a minor-role reduction but acknowledged that Corrales had a "somewhat lesser" role than Molina. *Id.*, PageID 910–11. The court chose a sentence of 118 months' imprisonment.

II

Corrales now argues that the district court miscalculated his guidelines range by failing to apply the minor-role reduction. The relevant guideline states: "If the defendant was a minor participant in any criminal activity, decrease by 2 levels." U.S.S.G. § 3B1.2(b). Defendants at sentencing must prove that they qualify for this reduction by a preponderance of the evidence.

3

*See United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990).   As with other guidelines, the Sentencing Commission has offered extensive commentary to guide district courts on whether the reduction applies.   U.S.S.G. § 3B1.2 cmt. nn.1–6.   The commentary explains that a minor participant must be "less culpable than most other participants in the criminal activity[.]"   *Id.* § 3B1.2 cmt. n.5.  Whether a participant meets this test, the commentary goes on to say, "is heavily dependent" on all of the facts.  *Id.* § 3B1.2 cmt. n.3(C).  The commentary then highlights several common questions to consider: Did the defendant have knowledge of the crime's scope?  Did the defendant participate in planning the crime?  Could the defendant make decisions about it?  What acts did the defendant perform?  How did the defendant benefit?  *Id.*  Given the inquiry's fact-intensive nature, we have long treated a district court's ultimate conclusion that a defendant did (or did not) have a minor role as a factual finding subject to the deferential clear-error standard of review.  *See United States v. Daneshvar*, 925 F.3d 766, 790 (6th Cir. 2019); *Perry*, 908 F.2d at 58.

In this case, however, it would be difficult even to engage in this clear-error review.   The district court made no findings about the ancillary factual issues highlighted in the commentary. It merely noted in passing that Corrales "would not qualify for a role reduction under 3B1.2 based on his particular actions."  Sent. Tr., R.169, PageID 910.  Corrales asserts that this unadorned comment makes his case identical to one in which we found legal error in a district court's conclusory rejection of a minor-role reduction.  *See Daneshvar*, 925 F.3d at 790.

But Corrales overlooks a key difference between *Daneshvar* and his case.  In *Daneshvar*, defense counsel objected at sentencing to the presentence report's recommendation that the court deny a minor-role reduction.  *See id.*  In this case, counsel did not object to the presentence report's rejection of the minor-role reduction.  Sent. Tr., R.169, PageID 897.  To the contrary, counsel acknowledged the potential for the argument but clarified that he was not making it:

> Frankly, Your Honor, we struggled a little bit as to whether to formally request a minor role reduction. Ultimately we decided that we can discuss these matters with the Court in the context of [the sentencing factors in 18 U.S.C. §] 3553, and just perhaps mention to the Court that his role was limited in the sense that he did deliver a package containing methamphetamine at the behest of Mr. Molina. He did allow Mr. Molina to use his phone and there were messages and so forth on the phone that involved trading the drugs.

*Id.*, PageID 901. In other words, counsel strategically steered the district court to consider the nature of Corrales's involvement only in the context of exercising its sentencing discretion—not in the context of calculating the proper guidelines range.

Corrales's decision not to formally request a minor-role reduction under § 3B1.2 shows that he at least *forfeited*—and perhaps even *waived*—his claim that the district court miscalculated his guidelines range. Although courts regularly (if wrongly) use the words forfeiture and waiver interchangeably, the two terms refer to different things. *See United States v. Montgomery*, 998 F.3d 693, 697–98 (6th Cir. 2021). A party "waives" an argument by intentionally abandoning the argument. *See United States v. Olano*, 507 U.S. 725, 733 (1993); *compare United States v. Baskerville*, 820 F. App'x 383, 385–87 (6th Cir. 2020) (waiver), *with United States v. Mabee*, 765 F.3d 666, 671–73 (6th Cir. 2014) (no waiver). A party "forfeits" an argument by negligently failing to adequately raise the argument at the proper time. *See Olano*, 507 U.S. at 733; *compare United States v. Vonner*, 516 F.3d 382, 385–87 (6th Cir. 2008) (en banc) (forfeiture), *with United States v. Petlechkov*, 922 F.3d 762, 768 (6th Cir. 2019) (no forfeiture).

This distinction matters for more than a semantic reason because the two doctrines trigger different effects. Appellate courts categorically refuse to consider a waived claim and will not save a defendant from an intentional choice to abandon it. *See United States v. Jackson*, 995 F.3d 476, 484 (6th Cir. 2021). Appellate courts, by contrast, have discretion to accept a valid claim that a defendant forfeited if the defendant can meet the four elements of the "plain error" test that

5

applies to forfeited claims. Fed. R. Crim. P. 52(b); *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018); *United States v. Ramamoorthy*, 949 F.3d 955, 962 (6th Cir. 2020).

Corrales's case falls on our precedent's borderline between waiver and forfeiture. On the one hand, he knew of the minor-role reduction because his plea agreement preserved his right to seek it and his lawyer expressly contemplated asking for it at the sentencing hearing. So Corrales apparently made an intentional choice not to formally pursue the reduction when he did not object to the sentencing report and his counsel explained their decision to focus on his role within the context of the § 3553(a) factors. We have indicated that this type of decision—to intentionally raise an argument only under the § 3553(a) factors rather than under the guidelines—could amount to a waiver of a guidelines claim. *See United States v. Sherrill*, 972 F.3d 752, 769 & n.7 (6th Cir. 2020).

On the other hand, we have suggested that a waiver in this context requires a "plain, explicit concession" that a guideline does (or does not) apply. *Mabee*, 765 F.3d at 673. So, for example, we have concluded that a defendant only forfeited (and did not waive) a guidelines objection when defense counsel indicated that the defendant's presentence report was "accurate as tendered," but counsel did not specifically agree to the report's decision not to include an additional acceptance-of-responsibility reduction. *Baskerville*, 820 F. App'x at 387–88. And here, Corrales's counsel never "explicitly agreed" that Corrales did not have a minor role under § 3B1.2. *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002). Counsel expressly indicated only that Corrales was not formally requesting a guidelines reduction on that basis.

In the end, we opt not to decide whether Corrales waived his request for a minor-role reduction because this forfeiture-versus-waiver distinction "does not matter" to the outcome. *Sherrill*, 972 F.3d at 770. His request lacks merit even if we could review it under the more

6

defendant-friendly forfeiture framework. *Cf. id.* As its name implies, the "plain error" test that governs forfeited claims requires Corrales to prove, among other things, that the district court's failure to grant the minor-role reduction was an obvious (i.e., plain) error. *See Vonner*, 516 F.3d at 386. Corrales has not shown this type of error because we are not convinced that the district court was *required* to apply the reduction on the record that Corrales created at sentencing. *See United States v. Miller*, 562 F. App'x 272, 307 (6th Cir. 2014).

To begin with, Corrales had significant responsibility for the crime. In fact, he (not Molina) was the one who actually distributed the drugs to the confidential source. But Corrales did more than just transfer the drugs. He also accompanied Molina to the subsequent exchange in which the source provided additional funds for the larger-than-expected amount of methamphetamine. And when Corrales was arrested, he was sitting near the phone that had been used to communicate with the source to set up the drug deal and the money transfer.

Notably, moreover, Corrales's base offense level held him accountable only for the quantity of drugs that he personally distributed, not for Molina's broader drug operation. At one time, this fact would have likely rendered Corrales categorically ineligible for a minor-role reduction under our caselaw. *See United States v. Roberts*, 223 F.3d 377, 380 (6th Cir. 2000); *United States v. Walton*, 908 F.2d 1289, 1303 (6th Cir. 1990). The Sentencing Commission has since amended its commentary to note that defendants may qualify for a reduction even if they are held responsible only for their own conduct. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Padilla*, 439 F. App'x 754, 758 n.4 (10th Cir. 2011); *United States v. Rodriguez-Cardenas*, 362 F.3d 958, 960–61 (7th Cir. 2004). Yet our cases still find it relevant to the minor-role reduction that a defendant has been held responsible only for the defendant's own

conduct and not for any broader scheme of distribution. *See United States v. Vicari*, 228 F. App'x 593, 597–98 (6th Cir. 2007).

Apart from the basic facts that we have mentioned, the record is otherwise silent on Corrales's full involvement (or lack thereof), including on the factors highlighted in § 3B1.2's commentary. How much knowledge did Corrales have of Molina's operation? How involved was Corrales? Did he have any decisionmaking power over this deal? What did he get in exchange for delivering the drugs to the confidential source? *See* U.S.S.G. § 3B1.2 cmt. n.3(C). We do not know. Indeed, Corrales repeatedly highlights that there is "no evidence" on many of these issues. Appellant's Br. 6–7. Recall, however, that Corrales bore the burden to prove that this minor-role reduction applied. *See Perry*, 908 F.2d at 58. We thus must hold this lack of evidence against him, not the government. *Cf. United States v. Wilson*, 802 F. App'x 976, 981 (6th Cir. 2020).

In this respect, Corrales's case resembles those in which we have refrained from undertaking plain-error review. *Ramamoorthy*, 949 F.3d at 962–64; *United States v. Turner*, 602 F.3d 778, 787 (6th Cir. 2010). Federal Rule of Criminal Procedure 52(b) says that courts "may" consider a forfeited claim, so they have discretion to decline the invitation. Fed. R. Crim. P. 52(b). We have refused to engage in this review when a defendant has raised a fact-intensive claim but has failed to obtain factual findings from the district court. *See Ramamoorthy*, 949 F.3d at 962– 64. Appellate courts are not designed for fact finding. *See id.* And the record that exists might "paint a misleading picture" because the opposing party lacked the chance to admit evidence in response to the forfeited claim. *Id.* Our concern that this case's record might paint a misleading picture of Corrales's involvement reinforces our decision to hold the lack of evidence against him.

Corrales's responses lack merit. Starting with the standard of review, he suggests that he did not even forfeit his guidelines claim, let alone waive it. Corrales points out that a party can

preserve a claim merely by objecting with the specificity required to put the district court on notice that the party is raising it. *See United States v. Bostic*, 371 F.3d 865, 871–73 (6th Cir. 2004). When he relied on his "limited" role to advocate for a lower sentence under the § 3553(a) factors, Corrales adds, he made factual arguments that were equally relevant to § 3B1.2's minor-role reduction. Reply Br. 2–4. These arguments, he concludes, should have put the district court on notice that he was seeking a minor-role reduction too.

Not so. Throughout the sentencing hearing, Corrales's counsel made clear that he was not asserting a guidelines claim. At the outset, he did not object to the presentence report's guidelines calculations—calculations that rejected the minor-role reduction that Corrales now seeks. Corrales's counsel next noted that he and Corrales had debated whether to seek the minor-role reduction but had decided against it—confirming that the reduction was not at issue. The district court lastly asked at the end of the hearing whether Corrales had any final objections, and Corrales did not mention the minor-role reduction. In short, the record leaves no doubt that nobody at sentencing—not Corrales's counsel, not the prosecutor, and not the judge—believed that Corrales was requesting a minor-role reduction under § 3B1.2. He thus did not make his arguments with the specificity necessary to preserve this claim. *See Bostic*, 371 F.3d at 871.

Corrales also cites no cases to support his argument that a defendant can preserve a claim by raising a different (but related) one. That logic conflicts with many of our cases. To give one example, we held that a defendant forfeited a request for a minor-role reduction when the defendant advocated only for an even larger "minimal-role" reduction in the district court. *See United States v. Griffith*, 663 F. App'x 446, 453–54 (6th Cir. 2016). The factual arguments for both "role" reductions plainly overlapped, but that fact made no difference to our forfeiture ruling. *See id.*

Turning to the merits, Corrales argues that the district court committed an obvious legal error under *Daneshvar* because it rejected his minor-role argument "without elaboration[.]" 925 F.3d at 790. Yet Corrales cannot raise this type of alleged "procedural" error in the plain-error context. A district court does not commit an error by insufficiently explaining its reasons for rejecting an argument that a defendant fails to make. That is true even if the court's explanation would have been insufficient had the defendant made the argument. Some alleged errors, in other words, depend on a defendant having actually raised a claim. Corrales's purported error under *Daneshvar* fits into this category of error.

Corrales lastly asserts that his conduct makes him the prototypical defendant for the minor-role reduction because he was "simply a courier." Appellant's Br. 6. This contention rests on factual and legal misconceptions. Factually, we do not know if the district court would have accepted Corrales's description of his mere "courier" role because the parties did not present evidence tailored to the question. Legally, we have repeatedly refused to accept the claim that a defendant was merely a "low-level drug courier[]" as the ground to reverse a district court's denial of a minor-role reduction. *Miller*, 562 F. App'x at 307 (citing *United States v. Salas*, 455 F.3d 637, 643–44 (6th Cir. 2006); *United States v. Quijada*, 307 F. App'x 986, 991 (6th Cir. 2009)); *see also Rodriguez-Cardenas*, 362 F.3d at 960. This case—which arises in the plain-error context—can be no different.

We affirm.

10